Bird *v.* Bird.—Harsh *v.* Butler.

cretion, to be exercised when the public good requires it. If, in their opinion, the incumbent, who is a defaulter, ought to be removed, so as to deprive him of the power to obtain and misapply more public funds, they may remove. The public interest predominates; and whenever a *delinquent* officer is in office, so long as the delinquency continues, the right to remove is a subsisting right, to be exercised by the commissioners, in their discretion, to promote the public weal. We think the removal in this case warranted by the law, and called for by the facts of the case. No objection has been made to the appointment of Hay. He has been qualified, and we leave him undisturbed.

Rule refused. Ordered that the relator pay the costs of the application in sixty days.

## HOLMES COUNTY, SEPTEMBER TERM, 1832.

JUDGES—LANE AND WRIGHT.

### THOMAS BIRD *v.* HARRIET BIRD.

Divorce—certainty in the cause—adultery.

A petition for divorce must set forth the cause of complaint with convenient certainty, that the charge may be met and disproved.
On a charge of adultery, the name of the person with whom committed should be inserted, if known.

DIVORCE. The petition alleged as cause of divorce, the commission of adultery, without naming the person with whom the crime was committed, or making any excuse for the omission

### HARSH *v.* BUTLER.

Nuisance—rule of damage.

In an action for a nuisance, the plaintiff may recover damages equal to the injury he has sustained, including the expense of the suit to try the question.
The jury should not estimate the price of the land, for that remains the property of the plaintiff.

TRESPASS on the case for a nuisance. On the trial before the jury,

Carter *v.* McDowell.

Thomas Butler was called as a witness by the defendant. He stated that he held a mortgage on the land in dispute.

It was then objected that he was interested and incompetent.

BY THE COURT. The witness has an interest to prevent the finding the mill a nuisance, which enters materially into the value of his security.

The witness afterwards stated that the land was worth ten times what is due him, if the mill was removed, and executed a release. He was then sworn.

*J. Harris* and *W. Silliman* for the plaintiff.

*Glasgow* and *Avery* for the defendant.

WRIGHT, J. to the jury. The plaintiff complains of an injury to his mill and land, by the defendant's dam flooding water back upon it. It is admitted that the plaintiff owns the land where his mill stands, and it is not denied that the defendant erected the dam below, claimed to be a nuisance. If you are satisfied, by the evidence, that the dam of the defendant has thrown the water back upon the plaintiff's land or mill, to his injury, he is entitled to your verdict for damages, in such an amount as in your opinion will compensate him for the injury he has sustained thereby, from the time of the erection of the dam, up to the bringing of the suit, the 9th November, 1830. It is not the price of the land that you are to give in damage, but a sum equal to the injury arising from the loss of the use of it, with the expense of prosecuting the suit for redress. 100] *The land remains the property of the plaintiff. If you are not satisfied the dam causes the water to flow back upon the plaintiff, to his injury, then the defendant is entitled to your verdict.

Verdict and judgment for the defendant.